SUMMIT LUMBER COMPANY *v.* McGOOGAN.

Opinion delivered May 6, 1907.

CONTINUANCE—WHEN DISCRETION NOT ABUSED.—A new trial will not be
  granted on account of the trial court's refusal to grant a continuance
  on account of the absence of material witnesses who had been duly
  summoned at a former term of the court, but were not present when
  the case was called for trial, if the motion for continuance does
  not show whether they had been in attendance from time to time.

Appeal from Union Circuit Court; *Charles W. Smith,*
Judge; affirmed.

*Smead & Powell,* for appellant.

*W. M. Van Hook,* for appellee.

McCULLOCH, J. This action was commenced before a
justice of the peace, and a trial thereof in the circuit court on
appeal resulted in a verdict and judgment in favor of the plain-
tiff, from which the defendant appealed to this court. The
only question raised here is upon the ruling of the court in re-
fusing to grant a continuance of the case.

The plaintiff asked a continuance on account of the absence
of two material witnesses who had been duly summoned, but
were not present when the case was called for trial. The mo-
tion for continuance states that the witnesses had been sum-
moned during a former term of the court, but does not show
that they had been in attendance, though the record shows that
the case had been postponed from time to time. On a former
day the plaintiff had voluntarily entered a nonsuit, and the same
day the court, on plaintiff's motion, set aside the order granting
the nonsuit and reinstated the case.

Matters of this kind are within the sound discretion of the trial court, and the rulings thereon will not be disturbed by this court unless an abuse of that discretion affirmatively appears. *Harper* v. *State,* 79 Ark. 594, and cases cited.

Appellant's motion does not make such an affirmative showing of diligence in procuring the attendance of the witnesses as will justify us in saying that the trial court abused its discretion in overruling the motion. It should have stated that the witnesses had been in attendance from time to time, otherwise it would have been appellant's duty to have asked for compulsory process of the court to compel their attendance.

Affirmed.